**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street, S.W., Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue, N.W. ) <br> Washington, DC 20530-0001, ) <br> ) <br>        Defendant. ) <br> _____) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On July 10, 2017, Plaintiff submitted a FOIA request to the Office of Information Policy, a component of Defendant, seeking the following records from the Office of the Deputy Attorney General:

> **1. A copy of the budget prepared and submitted by Robert S. Mueller III or his staff in his capacity as appointed "Special Counsel to oversee the previously-confirmed FBI investigation of Russian government efforts to influence the 2016 presidential election and related matters." Temporal scope of this request is from 17May2017 to 10July2017.**
>
> **2. A copy of all guidance memoranda and communications by which the Justice Management Division will review the Special Counsel's Office's "Statement of Expenditures" prior to or for the purpose of making each public. Temporal scope of this request is from 1June2017 to present.**
>
> **3. A copy of each document scoping, regulating, or governing the Special Counsel's Office appointed under the leadership of Mueller III. Temporal scope of this request is from 17May2017 to present.**

6. By letter dated August 16, 2017, OIP acknowledged receiving Plaintiff's FOIA request on July 19, 2017 and informed Plaintiff that it had assigned the request Case Number DOJ-2017-005463. In the same letter, OIP also informed Plaintiff that it had invoked the 10-day

extension of time provision set forth in 5 U.S.C. § 552(a)(6)(B).  In addition, OIP informed Plaintiff that it was directing part two of its FOIA request to the Justice Management Division, another component of Defendant, for processing.

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

10. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within the time limits set by FOIA.  Accordingly, Defendant's determination was due on or about August 30, 2017.  At a minimum, Defendant was obligated to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

11. Because Defendant failed to determine whether to comply with Plaintiff's FOIA

request, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 5, 2017                                                Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*